**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-CV-761-GKF-FHM |
| MICHAEL L. POWELL, et al., | ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Before the court is the Motion for Summary Judgment of plaintiff State Farm Fire and Casualty Company ("State Farm"). [Dkt. #23].

This case arises from a coverage dispute over a homeowners insurance policy issued by State Farm to defendant Michael L. Powell. In January 2012, Powell punched defendant Matthew R. North in the face while at a casino in Miami, Oklahoma. In April 2013, North sued Powell in the Court of Indian Offenses, Miami Agency, Bureau of Indian Affairs, alleging claims of assault and battery. On December 19, 2014, State Farm brought this diversity action against Powell and North, seeking a declaratory judgment that, under the policy, it had no duty to indemnify or defend Powell in the underlying suit.

### I.  Material Facts

On January 28, 2012, Powell and North were patrons at the Buffalo Run Casino in Miami, Oklahoma. Their encounter, which was video-recorded, started when North sat down at a gambling table where Powell was playing cards. Approximately three minutes after North sat down, Powell stood up, walked around the table and immediately stuck North in the face with his

fist. North was standing at the time he was hit; he had stood from his chair after Powell took his first step in North's direction. The blow rendered North unconscious.

At the time, Powell was insured under a homeowners policy issued by State Farm. [Dkt. #23-3, p. 1–3]. The policy contains the following general grant of personal liability coverage:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

[*Id.* at 18]. The policy defines the term "occurrence" as "an accident, including exposure to conditions, which results in: a. **bodily injury**; or b. **property damage**." [*Id.* at 5]. The policy also contains an "intentional acts" exclusion, which precludes personal liability coverage for "**bodily injury** or **property damage**: (1) which is either expected or intended by the **insured**; or (2) which is the result of willful and malicious acts of the **insured**." [*Id.* at 19].

As previously mentioned, on April 24, 2013, North filed a lawsuit against Powell in the Court of Indian Offenses, alleging claims of assault and battery (hereinafter "the North Suit"). Specifically, North alleged that Powell, "without provocation, intentionally struck [him] in the face," with the "actual intent to inflict harm upon [him]." [Dkt. #23-2, p. 3]. North did not assert any other claims against Powell. As a result of the North Suit, Powell requested that State Farm provide him a defense under the policy. To date, State Farm has defended Powell subject to a reservation of rights.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995). When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670. In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## III. Discussion

"A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state," in this case, Oklahoma. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th

Cir. 1994). Under Oklahoma law, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Okla. Stat. Ann. tit. 15, § 162. Here, the policy at issue does not indicate a place of performance. Thus, because it appears that the policy was entered into in Missouri, the court will apply Missouri law.[1]

In Missouri, a liability "insurer owes two distinct duties to its insured: a duty to indemnify and a duty to defend." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014). *Id.* at 552. "The duty to indemnify is simply the insurer's obligation to pay for the insured's actual liability if it is covered by the policy." *Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. 2015). In contrast, the duty to defend is broader. *Id.* It arises when there is a potential for coverage based on the facts "(1) alleged in the petition; (2) the insurer knows at the outset of the case; or (3) that are reasonably apparent to the insurer at the outset of the case." *Allen*, 436 S.W.3d at 553. "If there is no potential for coverage based on those facts, then the insurer has no duty to defend." *Id.*; *accord Piatt*, 461 S.W.3d at 792.

Whether a potential for coverage exists depends on the language of the policy. In Missouri, "[t]he interpretation of an insurance policy is an issue of law…." *Allen*, 436 S.W.3d at 553. "If the language in an insurance contract is clear and unambiguous, this [c]ourt must construe the contract as written." *Gavan v. Bituminous Cas. Corp.*, 242 S.W.3d 718, 720 (Mo. 2008). "If an ambiguity exists, the language of the policy is construed against the insurer." *Cowin v. Shelter Mut. Ins. Co.,* 460 S.W.3d 76, 79 (Mo. Ct. App. 2015); *accord Allen*, 436 S.W.3d at 553. "An ambiguity exists only when a phrase is reasonably open to different

---

[1] North contends that *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787 (Okla. 1991), requires that Oklahoma law govern this court's interpretation of the policy. In *Bohannan*, the Oklahoma Supreme Court recognized a special choice of law rule "to be applied in motor vehicle insurance cases involving conflicting state laws." *Id.* at 797. Because this case does not involve a motor vehicle insurance policy, North's reliance on *Bohannan* is misplaced.

- 4 -

constructions." *Allen*, 436 S.W.3d at 554 (internal quotation marks omitted). In undertaking this analysis, "courts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity where none exists." *Id.* (alteration omitted).

Here, State Farm contends there is no potential for coverage based on the relevant facts. Specifically, it submits that Powell intentionally struck North, without provocation, and thus that North's claim does not give rise to coverage because his injuries (1) were not "caused by an occurrence" and (2) were "either expected or intended by the insured." The court considers these contentions in turn.

    1. <u>Caused by an Occurrence</u>

To establish coverage under the policy, Powell must show that North's injuries were "caused by an occurrence," [Dkt. #23-3, p. 18], which the policy defines as "an accident," [*id.* at 5]. Although the policy does not define the term "accident," "Missouri courts have routinely defined the term in the context of insurance contracts as . . . [a]n event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event." *Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170, 175 (Mo. Ct. App. 2007) (collecting cases).

Here, the complaint in the North Suit alleged that Powell "without provocation, intentionally struck [North] in the face," with "the actual intent to inflict harm upon [North]." [Dkt. #23-2, p. 3]. Powell does not dispute that he intentionally stuck North but contends that he acted in self-defense. In particular, he asserts that "North took an aggressive step toward [him] causing [him] to have to defend himself." [Dkt. #31, p. 3]. Although it is not entirely clear under Missouri law whether a punch thrown in self-defense qualifies as an "accident" within the meaning of the policy, the court need not resolve that issue here given that Powell's actions clearly were not in self-defense. The video of the event shows that Powell took four steps

toward North and immediately struck North in the face with his fist.  [Dkt. #23-1, 5:35–5:43].  North did not approach Powell, nor did he take a fighting posture or attempt to strike Powell.  [*Id.*]  Based on this evidence, no reasonable jury could find that Powell acted in self-defense.  Accordingly, because Powell cannot possibly show that North's injuries were "caused by an occurrence," State Farm has no duty to defend or indemnify him in the North Suit.

  2. <u>Intentional Acts Exclusion</u>

Powell's policy also excludes coverage for bodily injury "which [was] either expected or intended by the insured."  [Dkt. #23-3, p. 19].  To establish the applicability of this exclusion, an insurer must show "not only that the insured intended the acts causing the injury, but that injury was intended or expected from these acts."  *Am. Family Mut. Ins. Co. v. Pacchetti*, 808 S.W.2d 369, 371 (Mo. 1991); *accord Allen*, 436 S.W.3d at 555.

Here, there is no dispute that Powell intentionally stuck North. Although Powell contends that he acted in self-defence, the evidence of record clearly shows otherwise.  Based on the video, a reasonable jury would have no choice but to find that Powell intentionally struck North with the intent or expectation of causing injury.  [*See* Dkt. #23-1, 5:35–5:43].  Because the policy's intentional acts exclusion bars any possibility of coverage under the relevant facts, it necessarily absolves State Farm of any duty to defend or indemnify Powell in the North Suit.

### <u>Conclusion</u>

For the forgoing reasons, the Motion for Summary Judgment [Dkt. #23] of State Farm Fire and Casualty Company is granted.

  IT IS SO ORDERED this 11th day of September, 2015.

_____<br>
GREGORY K. FRIZZELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT